NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELIC RENEE PALLESI, Plaintiff-Appellant, v. NANCY A. BERRYHILL, Acting Commissioner of Social Security, Defendant-Appellee. | No. 15-15943 D.C. No. 1:13-cv-01813-SMS MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Argued and Submitted June 15, 2017
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and CARNEY,**
District Judge.

Angelic Pallesi appeals the district court's order affirming the denial of her

application for disability insurance and supplemental security income benefits. We

reverse and remand for further administrative proceedings.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

Pallesi, who alleged disability based on depression and anxiety, argued that the Administrative Law Judge erred by improperly discounting the opinion of Dr. Guzzetta, her treating psychiatrist. "Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). If another doctor contradicts the treating physician's opinion, the ALJ must give specific and legitimate reasons supported by substantial evidence in the record to reject the treating physician's opinion. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

Dr. Guzzetta opined that Pallesi could follow one- or two-step instructions, could only focus for thirty minutes at a time, and could not deal with stress. The ALJ discounted this opinion because she deemed it inconsistent with the medical record and with Dr. Guzzetta's own notes of normal mental status exams. Substantial evidence does not support these reasons.

First, although Dr. Guzzetta's treatment notes consistently reflect normal mental status exam results, the record makes clear that this portion of Dr. Guzzetta's notes was pre-populated to reflect a normal mental status exam and that Dr. Guzzetta did not change these fields, even when they did not reflect Pallesi's actual condition or he had no opportunity to observe her. And at least one of Dr.

Guzzetta's treatment notes reflecting normal mental status contrasted starkly with notes from treating therapist Ms. Powers—a provider the ALJ totally failed to mention—from the previous day that showed a markedly abnormal mental status exam. The "Mental Status Exam" portion of Dr. Guzzetta's notes thus is not substantial evidence.

Second, although Dr. Holloway and Dr. Luu recorded some normal or mostly normal mental status exams, "it is error for an ALJ to pick out a few isolated instances of improvement over a period of months . . . and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Viewed as a whole, treatment notes from Dr. Holloway and Dr. Luu are consistent with Dr. Guzzetta's opinion of Pallesi's limitations.

Finally, the opinions of non-examining physicians Drs. Fair and Goldberg that Pallesi would be capable of simple, routine work by November 2011 are not substantial evidence. We have previously explained that "[t]he opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). Because other record evidence does not support their opinions, their opinions are not substantial evidence as a matter of law. In addition, the ALJ gave great weight

3

to what she characterized as their determination that Pallesi "could perform simple and routine work on a consistent basis." But those doctors never found that Pallesi was actually capable of such work. Rather, on the page of the record that the ALJ cited, Dr. Fair *projected* that she *would be* capable of such work by November 2011 if she continued mental health treatment. Dr. Fair's and Dr. Goldberg's predictions that Pallesi's condition would improve and that she would be able to perform simple, routine tasks within a year cannot be substantial evidence when later treatment notes from Drs. Holloway and Luu show that her condition did not, in fact, improve as they had anticipated it would.

**II**

The ALJ's error in improperly discounting Dr. Guzzetta's opinion was not harmless. If the ALJ had not improperly discounted Dr. Guzzetta's opinion (and Ms. Powers's), she may have assigned a residual functional capacity (RFC) limited to one- or two-step tasks.[1] Such an RFC would be inconsistent with the jobs in the ALJ's opinion, all of which required Level Two reasoning. *See Rounds v. Comm'r*

---

[1] Dr. Guzzetta's opinion does not *require* an RFC limited to one- or two-step instructions; he opined that she was capable of carrying out one- or two-step instructions but not capable of carrying out "an extensive variety of technical and/or complex job instructions." His opinion thus leaves open the possibility that an RFC encompassing Level Two reasoning would be appropriate. For this reason, we remand for further proceedings rather than award benefits. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (observing that further administrative proceedings are useful where there is a need to resolve ambiguities).

4

*Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015). As a result, the error was not "inconsequential" to the outcome of the case. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

The Commissioner contends that Pallesi waived this argument. But we have recognized an exception to our normal waiver rules "when a new issue arises while appeal is pending because of a change in the law." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (quoting *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985)). In *Rounds*, which was issued after the district court had already decided this case, we addressed for the first time whether a limitation to one- or two-step tasks was consistent with Level Two reasoning. *See* 807 F.3d at 1003-04 & n.6. Pallesi's argument on harmlessness is excepted from waiver because it is based on *Rounds*.

### III

Because substantial evidence does not support the ALJ's weighing of Dr. Guzzetta's opinion and because this error was not harmless, we REVERSE and REMAND for further proceedings.[2]

---

[2] We deny Pallesi's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). The only new evidence that Pallesi identified that relates to the time period at issue in this appeal is a medical opinion from treating psychiatrist Dr. Luu that she submitted in her subsequent application for benefits. Pallesi offered no adequate reason why she could not have obtained Dr. Luu's opinion while this case was still pending before the Social Security Administration, and she thus has not shown good cause as required by § 405(g).